**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SANDRA K. KERBY,
Petitioner,

v.

SOUTHEASTERN PUBLIC SERVICE

No. 97-1323

AUTHORITY OF VIRGINIA; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

SOUTHEASTERN PUBLIC SERVICE
AUTHORITY OF VIRGINIA,
Petitioner,

v.

No. 97-1373

SANDRA K. KERBY; DIRECTOR, OFFICE
OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petitions for Review of an Order
of the Benefits Review Board.
(96-716, 96-705)

Argued: December 3, 1997

Decided: February 24, 1998

Before MURNAGHAN, ERVIN, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Gregory Edward Camden, RUTTER & MONTAGNA, L.L.P., Norfolk, Virginia, for Petitioners. Mark Douglas Stiles, WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Respondents. **ON BRIEF:** Matthew H. Kraft, RUTTER & MONTAGNA, L.L.P., Norfolk, Virginia, for Petitioners. Palmer S. Rutherford, Jr., WILL-COX & SAVAGE, P.C., Norfolk, Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Petitioner Sandra K. Kerby was injured while working at a power plant that provides electricity and steam to the Norfolk Naval Shipyard ("NNS"). While the physical power plant building, as well as the real estate on which it is located, is owned by the United States Navy, the Navy has contracted with Respondent-cross petitioner Southeastern Public Service Authority ("SPSA"), a public service authority created under the laws of the Commonwealth of Virginia, to maintain and operate the power plant. Kerby was an employee of SPSA, and had no direct employment relationship with the Navy.

While the parcel of property on which the power plant is located lies adjacent to NNS, and while NNS is located on land contiguous with the Southern Branch of the Elizabeth River, the parcel of land on which the power plant is located is not independently contiguous with that river or any other navigable waters. Moreover, the property on which the power plant is located is separated from NNS by a privately owned railroad spur, and by two chain-link fences, which sur-

2

round the power plant and NNS respectively, and which separate the properties from the railroad spur, and from each other. SPSA employees do not have access to NNS by virtue of their employment at the power plant.

Subsequent to her injury, Kerby filed for benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. Although an Administrative Law Judge held that Kerby was entitled to benefits, the Benefits Review Board reversed, finding that under Sidwell v. Express Container Services, Inc., 71 F.3d 1134 (4th Cir. 1995), Kerby had failed to establish that her injury had occurred on a covered situs, as required by the LHWCA. See J.A. at 7-9 (discussing Sidwell). Because the BRB correctly determined that this case is controlled by Sidwell, and because the BRB correctly applied that precedent, we affirm essentially on the basis of its reasoning.*

AFFIRMED

_____
*Because our holding that Kerby has failed, under Sidwell, to establish that her injury occurred on a covered situs suffices to resolve this case, we do not address the question, raised on cross appeal, of whether the BRB erred in finding that Kerby satisfied the LHWCA's status requirement.

3